UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN P. WHITE<br>Plaintiff | CIVIL ACTION |
| v. | NO: 2015-cv-4862 |
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br>Defendant | SECTION: |

COMPLAINT

The Complaint of John White respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. This Court has jurisdiction under 29 U.S.C. Sec. 1001 et. seq.

3. Venue is appropriate under 29 U.S.C. Sec. 1391(b) as the defendant has sufficient personal contacts by issuing insurance policies in this District.

4. Plaintiff, John P. White, of lawful age and a resident of Niceville, Florida, is a plan participant and beneficiary of an ERISA plan created by his former employer, Galliano Marine Service, LLC (hereinafter "Employer"), and an insured participant of a group disability policy issued by RELIANCE STANDARD LIFE INSURANCE COMPANY ("The Plan").

5. Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY ("'RSL"), is a foreign corporation authorized and doing business in Louisiana.

6. RSL issued a group policy insuring the employees of Employer for disability benefits. The Plan granted RSL the right and authority to control and manage the operation and administration of the Plan. RSL is The Plan administrator with respect to disability

benefits. Plaintiff is a beneficiary and insured under the Plan.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

8. Plaintiff's treating physician(s) have set forth limitations on Plaintiff that render him disabled under the terms of the policy.

9. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

10. Plaintiff is disabled under the terms of the disability policy issued by RSL.

11. In accordance with the terms of The Plan, Plaintiff has sought and continues to seek appropriate care and treatment for his disabilities.

12. RSL unlawfully denied Plaintiff benefits he is entitled to under terms of the RSL disability policy on or around January 7, 2015 asserting that Plaintiff failed to provide proof of total disability.  RSL's denial letter set forth no other basis for denial of the claim.

13. Plaintiff appealed the denial on or around April 30, 2015. In Plaintiff's appeal, Plaintiff provided proof of his total disability and ongoing appropriate care and treatment.

14. Under applicable law, RSL had 45 days to respond to Plaintiff's appeal, or to request an additional 45 days to respond to the appeal.  See e.g., 29 CFR 2560.503-1(i)(3)(i).

15. RSL did not respond to Plaintiff's appeal timely, and at no time requested additional time to respond to the appeal.

16. As such, Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse RSL's denial of benefits.

17. To the extent that RSL claims it has denied Plaintiff's claim, RSL's denial is based on insubstantial evidence and is arbitrary, capricious, and/or an abuse of discretion.

18. RSL has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

19. RSL has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff s medical conditions.

20. RSL has abused its discretion by failing to consider Plaintiff's medical records, medical treatment and his medical condition in relation to the duties of any occupation RSL asserts Plaintiff could perform.

21. RSL has abused its discretion by not timely responding to Plaintiff's appeal without cause and/or arbitrarily and capriciously.

22. RSL has abused its discretion and/or acted in an arbitrary and capricious manner by attempting to assert additional bases for its continued denial of Plaintiff's claim when such rationales were not asserted in its original denial letter.

23. RSL administered Plaintiff's claim with an inherent and structural conflict of interest as RSL is liable to pay benefits from its own assets to Plaintiff, and each payment depletes RSL's assets.

24. RSL has failed to give the policy and Plan a uniform construction and interpretation.

25. RSL chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. As a routine business practice, RSL uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

27. RSL's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

28. Plaintiff has been denied the benefits and due process rights due Plaintiff under the Plan and ERISA, and has suffered, and is continuing to suffer economic loss as a result.

29. Plaintiff is entitled to an award of interest on all money that RSL should have paid to Plaintiff.

30. RSL's denial has required Plaintiff to hire an attorney to represent him in this matter to recover benefits due Plaintiff under the Plan.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

I. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

II. For all reasonable attorney fees;

III. For costs of suit; and,

IV. For all other relief as the facts and law may provide.

Respectfully submitted,

*/s/Loyd J. Bourgeois, Jr.*
Loyd J. Bourgeois, Jr., La. Bar No. 29771
13755 River Road, Suite A
Luling, Louisiana 70070
Tel: (985) 240-9773
Fax: (866) 882-3988
Email: loyd.bourgeois@gmail.com
*Attorney for Plaintiff*